UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE STEEN,

       Plaintiff,                      Civil Action No.
                                             12-CV-15016

vs.

                                            HON. MARK A. GOLDSMITH

ALLEN ROSTRAM,

       Defendant.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

       This matter is presently before the Court on (i) Plaintiff's application to proceed in forma pauperis (Dkt. 2), (ii) Plaintiff's application for appointment of counsel (Dkt. 3), and (iii) the Court's own review of the complaint. For the reasons that follow, the Court will grant Plaintiff's application to proceed in forma pauperis, deny without prejudice Plaintiff's application for appointment of counsel, and require Plaintiff to file an amended complaint within ten days of today's date.

       Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ." The Court has reviewed Plaintiff's application, which states that Plaintiff received a total of $668.00 in the last year, that she has a total of $150.00 in bank accounts, and that she has children and grandchildren dependent on her for support. Application at 1-2 (CMECF pagination) (Dkt. 2). The Court is satisfied that Plaintiff is

indigent and that prepayment of the filing fee would cause an undue financial hardship.  The Court grants Plaintiff's application and permits Plaintiff to file her complaint without prepaying the filing fee.

The Court has also reviewed Plaintiff's application for appointment of counsel (Dkt. 3). A district court has discretion to decide whether to appoint counsel for an indigent civil litigant. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993).  Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances."  Id. at 606 (citations omitted). In determining whether exceptional circumstances exist, a court considers the "complexity of the factual and legal issues involved" and the plaintiff's ability to represent herself.  Id. (citation and quotation marks omitted).  The Court is unable to conclude from Plaintiff's complaint whether exceptional circumstances exist that would warrant the appointment of counsel.  For this reason, the Court denies without prejudice Plaintiff's application for appointment of counsel.

The Court is also required to screen all complaints filed by plaintiffs proceeding in forma pauperis and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

The complaint in this case is only partially legible.  Plaintiff states that she is "filing civil tort for nine million dollars, against owner Allen Rostram of Eastpointe Apartments."  Compl. at 1  (Dkt. 1).  Plaintiff states that the cause of action is "wrongfully eviction," "stolen property," "criminal activity of residents and employers, which means Allen Rostram is Guilty and Liable." Id.  The complaint continues, "Plaintiff is demanding that Federal District Court Sanction all Federal subsidies that Allen Rostram receive for Housing . . . ."  In a State of Michigan Department of Civil Rights Complaint attached to the instant complaint, Plaintiff alleges that she

was evicted from her apartment based on discrimination due to her race, sex, and age. Compl. at p. 9 of 36 (CMECF pagination) (Dkt. 1). Finally, on Plaintiff's cover sheet, she states that the cause of action is 18 U.S.C. § 1111 and "several violations of civil & human rights." Compl. at 20 (CMECF pagination). That section of the United States Code defines "murder."

To state a claim, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (citation and quotations marks omitted). Based on the complaint, the Court is unable to discern Plaintiff's claim for relief or the grounds upon which it is based. To the extent Plaintiff claims that Defendant is "guilty" of "criminal activity" under 18 U.S.C. § 1111, Plaintiff fails to state a claim, because there is no private right of action to enforce provisions of criminal law. See 28 U.S.C. § 547 (stating that the United States attorney shall "prosecute for all offenses against the United States").

It is also not clear from the complaint what happened and to whom. Although Plaintiff attaches a document indicating that she filed a complaint of housing discrimination under Michigan law, Plaintiff does not clarify whether she is bringing a discrimination claim under federal law. Furthermore, the instant complaint does not establish an arguable basis for the nine-million-dollar damage award sought. For these reasons, and because several of the documents submitted by Plaintiff are illegible, the Court concludes that the complaint does not give Defendant a fair notice of Plaintiff's claim or the grounds on which it rests.

Accordingly, Plaintiff's application to proceed in forma pauperis (Dkt. 2) is granted, and Plaintiff's application for appointment of counsel (Dkt. 3) is denied without prejudice. Plaintiff shall submit, within ten days of today's date, an amended complaint that legibly and comprehensibly states Plaintiff's claim and the grounds on which it rests. Plaintiff's amended

complaint shall also state the basis for federal jurisdiction in this matter. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing the pleader is entitled to relief"). If Plaintiff does not timely submit an amended complaint curing the above-described defects, the Court will dismiss the case for failure to state a claim and/or lack of subject matter jurisdiction.

SO ORDERED.

Dated:  November 19, 2012   s/Mark A. Goldsmith
       Flint, Michigan   MARK A. GOLDSMITH
          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2012.

       s/Deborah J. Goltz
       DEBORAH J. GOLTZ
       Case Manager